IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLANIA

JOSEPH P. CLARK,                          :

                  :

           Plaintiff     :     No. 2014-

                  :

Vs.                                       :

                  :

BROADCAST MUSIC, INC.

JAY-BOY MUSIC CORP.

EVERGREEN COPYRIGHT

ACQUISITIONS/AUDIGRAM, LLC

MICHAEL O'NEIL,

PRESIDENT AND

CHIEF EXECUTIVE OFFICER,

BROADCAST MUSIC, INC.

BRUCE A. ESWORTHY,

BROADCAST MUSIC, INC.

SENIOR VICE PRESIDENT,

CHIEF FINANCIAL OFFICER

PHILLIP R. GRAHAM

BROADCAST MUSIC, INC.

SENIOR VICE PRESIDENT

JAMES A. KING

BROADCAST MUSIC, INC.

SENIOR VICE PRESIDENT

STUART ROSEN

BROADCAST MUSIC, INC.

SENIOR VICE PRESIDENT

GENERAL COUNSEL

ALISON SMITH

BROADCAST MUSIC, INC.

SENIOR VICE PRESIDENT

RON SOLLEVELD

BROADCAST MUSIC, INC.

SENIOR VICE PRESIDENT

MICHAEL STEINBERG

BROADCAST MUSIC, INC.

SENIOR VICE PRESIDENT


CATHERINE BREWTON

BROADCAST MUSIC, INC.

VICE PRESIDENT


CLAY BRADLEY

BROADCAST MUSIC, INC.

ASSISTANT VICE PRESIDENT


MASON HUNTER

BROADCAST MUSIC, INC.

EXECUTIVE DIRECTOR


MARK MASON

BROADCAST MUSIC, INC.

EXECUTIVE DIRECTOR

ADDITIONAL BROADCAST

MUSIC, INC. EMPLOYEES,

AGENTS, UNKNOWN AT THIS

TIME BUT MAY BE NEEDED AS

INDISPENSABLE PARTIES

DEFENDANT'S - 1 – 30


STANLEY H. COHEN

ATTORNEY OF RECORD

BROADCAST MUSIC, INC. ET.AL.

CASE 5:12-CV-04945-MMB

ON APPEAL TO UNITED STATES

COURT OF APPEALS FOR THE

THIRD CIRCUIT

CASE NUMBER 14-0891


CAESAR, RIVISE, BERSTEIN, COHEN

& POKOTILOW, LTD.

A PROFESSIONAL LAW FIRM

ADDITIONAL DIRECTORS, AND

EMPLOYEES OF CAESAR, RIVISE,

BERSTEIN, COHEN &

POKOTILOW, LTD.

NOT KNOWN, BUT MAY BE NAMED

DEFENDANTS 1 – 30 AS

INDISPENSABLE PARTIES

Defendants    :

## **COMPLAINT**

NOW COMES YOUR PLAINTIFF, Joseph P. Clark, a married adult individual and alleges the following:

1.    The Plaintiff, Joseph P. Clark, an adult married individual,  and general manager (MANAGER) of Crocodile Rock Corporation, t/a Crocodile Rock Café, 520 W Hamilton St., Allentown, Lehigh County Pennsylvania, whose address is 520 W. Hamilton St., Allentown, PA  18102.

2.    The Defendant, Broadcast Music Inc. (BMI) is a corporation organized under the laws of _____ whose principle place of business is listed as _____ _____. Defendant BMI at all times material hereto was the plaintiff whose case was brought under case number as 5:12-cv-04945-MMB, and currently under appeal to the United States Court of Appeals for the 3rd Circuit at case number 14:0389

3.    The Defendant, JAY-BEE MUSIC CORP. (JAY-BEE), is a corporation organized

under the laws of                          whose principle place of business is listed as

                          . Defendant BMI at all times material hereto was the

plaintiff whose case was brought under case number as 5:12-cv-04945-MMB, and

currently under appeal to the United States Court of Appeals for the 3rd Circuit at case

number 14:0389

4.    The Defendant, EVERGREEN COPYRIGHT ACQUISITIONS/AUDIGRAM, LLC,

d/b/a AUDIGRAM SONGS, LLC., (AUDIGRAM) is a corporation organized under the

laws of                          whose principle place of business is listed as

                          . Defendant BMI at all times material hereto was the plaintiff

whose case was brought under case number as 5:12-cv-04945-MMB, and currently under

appeal to the United States Court of Appeals for the 3rd Circuit at case number 14:0389

5.    The Defendant CONCORD MUSIC GROUP, d/b/a JONDORA MUSIC GROUP

(JONDORA) is a corporation organized under the laws of                          whose

principle place of business is listed as                          . Defendant

BMI at all times material hereto was the plaintiff whose case was brought under case

number as 5:12-cv-04945-MMB, and currently under appeal to the United States Court of

Appeals for the 3rd Circuit at case number 14:0389

6.    The Defendant BREW MUSIC GROUP (BREW) is a corporation organized under the

laws of                          whose principle place of business is listed as

                          . Defendant BMI at all times material hereto was the plaintiff

whose case was brought under case number as 5:12-cv-04945-MMB, and currently under appeal to the United States Court of Appeals for the 3rd Circuit at case number 14:0389

7.    The Defendant, MICHAEL O'NEIL, PRESIDENT AND CHIEF EXECUTIVE OFFICER, of BROADCAST MUSIC, INC. (O'NEIL ) is an individual employed as an officer of BROADCAST MUSIC, INC., whose office is located, or believed to be in care of BROADCAST MUSIC, INC. 7 World Trade Center, 250 Greenwich Street, New York, NY 10007-0030. Defendant (O'NEIL) was in senior management and in control of all facets of the operation of BROADCAST MUSIC, INC., and at all times material hereto was the plaintiff whose case was brought under case number as 5:12-cv-04945-MMB, and currently under appeal to the United States Court of Appeals for the 3rd Circuit at case number 14:0389.

8.    The Defendant, BRUCE A. ESWORTHY, (ESWORTHY) OF BROADCAST MUSIC, INC., SENIOR VICE PRESIDENT, is an individual employed as an officer of BROADCAST MUSIC, INC., whose office is located, or believed to be in care of BROADCAST MUSIC, INC. 7 World Trade Center, 250 Greenwich Street, New York, NY 10007-0030. Defendant (ESWORTHY) was in senior management and in control of all facets of the operation of BROADCAST MUSIC, INC., and at all times material hereto was the plaintiff whose case was brought under case number as 5:12-cv-04945-MMB, and currently under appeal to the United States Court of Appeals for the 3rd Circuit at case number 14:0389

9.      The Defendant, PHILLIP R. GRAHAM (GRAHAM) OF BROADCAST MUSIC,

INC., SENIOR VICE PRESIDENT is an individual employed as an officer of

BROADCAST MUSIC, INC., whose office is located, or believed to be in care of

BROADCAST MUSIC, INC.  7 World Trade Center, 250 Greenwich Street, New York,

NY 10007-0030.  Defendant (GRAHAM) was in senior management and in control of all

facets of the operation of BROADCAST MUSIC, INC., and at all times material hereto

was the plaintiff whose case was brought under case number as 5:12-cv-04945-MMB,

and currently under appeal to the United States Court of Appeals for the 3rd Circuit at

case number 14:0389

10.     The Defendant JAMES A. KING (KING) OF BROADCAST MUSIC, INC.

SENIOR VICE PRESIDENT is an individual employed as an officer of BROADCAST

MUSIC, INC., whose office is located, or believed to be in care of BROADCAST

MUSIC, INC.  7 World Trade Center, 250 Greenwich Street, New York, NY 10007-

0030.  Defendant (KING) was in senior management and in control of all facets of the

operation of BROADCAST MUSIC, INC., and at all times material hereto was the

plaintiff whose case was brought under case number as 5:12-cv-04945-MMB, and

currently under appeal to the United States Court of Appeals for the 3rd Circuit at case

number 14:0389.

11.    The Defendant, STUART ROSEN (ROSEN) OF BROADCAST MUSIC, INC.

OF COUNSEL AND SENIOR VICE PRESIDENT,  is an individual employed as an

officer of BROADCAST MUSIC, INC., whose office is located, or believed to be in care

of BROADCAST MUSIC, INC.  7 World Trade Center, 250 Greenwich Street, New

York, NY 10007-0030.  Defendant (ROSEN) was in senior management and in control of

all facets of the operation of  BROADCAST MUSIC, INC., and at all times material

hereto was the plaintiff whose case was brought under case number as 5:12-cv-04945-

MMB, and currently under appeal to the United States Court of Appeals for the 3rd

Circuit at case number 14:0389


12.    The Defendant, ALISON SMITH (SMITH) OF BROADCAST MUSIC, INC.

SENIOR VICE PRESIDENT ) OF BROADCAST MUSIC, INC.  is an individual

employed as an officer of BROADCAST MUSIC, INC., whose office is located, or

believed to be in care of BROADCAST MUSIC, INC.  7 World Trade Center, 250

Greenwich Street, New York, NY 10007-0030.  Defendant (SMITH) was in senior

management and in control of all facets of the operation of  BROADCAST MUSIC,

INC., and at all times material hereto was the plaintiff whose case was brought under

case number as 5:12-cv-04945-MMB, and currently under appeal to the United States

Court of Appeals for the 3rd Circuit at case number 14:0389

13.   RON SOLLEVELD (SOLLEVELD), BROADCAST MUSIC, INC. SENIOR VICE

PRESIDENT,  is an individual employed as an officer of BROADCAST MUSIC, INC.,

whose office is located, or believed to be in care of BROADCAST MUSIC, INC.  7

World Trade Center, 250 Greenwich Street, New York, NY 10007-0030.  Defendant

(SOLLEVELD) was in senior management and in control of all facets of the operation of

BROADCAST MUSIC, INC., and at all times material hereto was the plaintiff whose

case was brought under case number as 5:12-cv-04945-MMB, and currently under appeal

to the United States Court of Appeals for the 3rd Circuit at case number 14:0389


14.   MICHAEL STEINBERG BROADCAST MUSIC, INC. SENIOR VICE

PRESIDENT, , is an individual employed as an officer of BROADCAST MUSIC, INC.,

whose office is located, or believed to be in care of BROADCAST MUSIC, INC.  7

World Trade Center, 250 Greenwich Street, New York, NY 10007-0030.  Defendant

(STEINBERG)  was in senior management and in control of all facets of the operation of

BROADCAST MUSIC, INC., and at all times material hereto was the plaintiff whose

case was brought under case number as 5:12-cv-04945-MMB, and currently under appeal

to the United States Court of Appeals for the 3rd Circuit at case number 14:0389

15.   CATHERINE BREWTON, BROADCAST MUSIC, INC. VICE PRESIDENT, is an
      individual employed as an officer of BROADCAST MUSIC, INC., whose office is
      located, or believed to be in care of BROADCAST MUSIC, INC. 10 Music Square East
      Nashville, TN 37203-4399. Defendant (BREWTON) was in senior management and in
      control of some facets of the operation of BROADCAST MUSIC, INC, and at all times
      material hereto was the plaintiff whose case was brought under case number as 5:12-cv-
      04945-MMB, and currently under appeal to the United States Court of Appeals for the
      3rd Circuit at case number 14:0389

16.   CLAY BRADLEY, BROADCAST MUSIC, INC., ASSISTANT VICE PRESIDENT,
      is an individual employed as an officer of BROADCAST MUSIC, INC., whose office is
      located, or believed to be in care of BROADCAST MUSIC, INC. 10 Music Square East
      Nashville, TN 37203-4399. Defendant (BRADLEY) was in senior management and in
      control of some facets of the operation of BROADCAST MUSIC, INC, and at all times
      material hereto was the plaintiff whose case was brought under case number as 5:12-cv-
      04945-MMB, and currently under appeal to the United States Court of Appeals for the
      3rd Circuit at case number 14:0389

17.    MARK MASON, BROADCAST MUSIC, INC., EXECUTIVE DIRECTOR, is an

individual employed as an officer of BROADCAST MUSIC, INC., whose office is

located, or believed to be in care of BROADCAST MUSIC, INC.  10 Music Square East

Nashville, TN 37203-4399.  Defendant (MASON) was in senior management and in

control of some facets of the operation of BROADCAST MUSIC, INC, and at all times

material hereto was the plaintiff whose case was brought under case number as 5:12-cv-

04945-MMB, and currently under appeal to the United States Court of Appeals for the

3rd Circuit at case number 14:0389


18.    MASON HUNTER, of BROADCAST MUSIC, INC., EXECUTIVE DIRECTOR, , is

an individual employed as an officer of BROADCAST MUSIC, INC., whose office is

located, or believed to be in care of BROADCAST MUSIC, INC.  10 Music Square East

Nashville, TN 37203-4399.  Defendant (HUNTER) was in senior management and in

control of some facets of the operation of BROADCAST MUSIC, INC, and at all times

material hereto was the plaintiff whose case was brought under case number as 5:12-cv-

04945-MMB, and currently under appeal to the United States Court of Appeals for the

3rd Circuit at case number 14:0389

19.   ADDITIONAL BROADCAST MUSIC, INC. EMPLOYEES, AGENTS,

UNKNOWN AT THIS TIME BUT MAY BE NEEDED AS INDISPENSABLE

PARTIES, DEFENDANT'S, 1 – 30 would be whose office is located, or believed to be

in care of BROADCAST MUSIC, INC. Defendants whose locations and knowledge

with or in the operation of BROADCAST MUSIC, INC, and at all times material hereto

were employed by the plaintiff whose case was brought under case number as 5:12-cv-

04945-MMB, and currently under appeal to the United States Court of Appeals for the

3rd Circuit at case number 14:0389

20.   STANLEY H. COHEN, (COHEN) ATTORNEY OF RECORD representing

BROADCAST MUSIC, INC. ET.AL. number as 5:12-cv-04945-MMB, and currently

under appeal to the United States Court of Appeals for the 3rd Circuit at case number

14:0389 , and is an individual attorney in the law firm of employed as an officer of

CAESAR, RIVISE, BERNSTEIN, COHEN, and POKOTILOW, LTD. whose office is

located, or believed to be located at 1635 Market Street, 12th Floor, Seven Penn Center,

Philadelphia, PA., 19103-2212. Lawyer identification or the Commonwealth of

Pennsylvania at 12095. Defendant (COHEN)  was the Lead Attorney and retained in

case was brought under case number as 5:12-cv-04945-MMB, and currently under appeal

to the United States Court of Appeals for the 3rd Circuit at case number 14:0389

21.   CAESAR, RIVISE, BERNSTEIN, COHEN, and POKOTILOW, LTD. (CRBC&P)

whose office is located, or believed to be located at 1635 Market Street, 12th Floor,

Seven Penn Center, Philadelphia, PA., 19103-2212 which is the law firm through which

BMI engaged the services of COHEN who was/is the lead attorney for the case was

brought under case number as 5:12-cv-04945-MMB, and currently under appeal to the

United States Court of Appeals for the 3rd Circuit at case number 14:0389

22.   DEFENDANT'S, 1 – 30 would be whose office is located, or believed to be in care of

COHEN and/or CRBC&P.  Defendants whose locations and knowledge with or in the

operation of BROADCAST MUSIC, INC, and at all times material hereto were

employed by the Defendants COHEN and/or  CRBC&P whose case can be found under

case number as 5:12-cv-04945-MMB, and currently under appeal to the United States

Court of Appeals for the 3rd Circuit at case number 14:0389

## COUNT ONE 18 U.S.C. § 1341

## FRAUDS AND SWINDLES

23.    Plaintiff, Joseph Clark (CLARK), incorporates herein by reference the averments of
       the paragraphs 1 through 22 as though more fully set forth herein at length.

24.    BMI brought by and through their attorney's Caesar, Rivise, Bernstein, Cohen &
       Pokotilow, Ltd. (COHEN) a case of copyright infringement against the Plaintiff's
       (CLARK) in their person in addition to the company Crocodile Rock Corp. d/b/a
       Crocodile Rock Café (CROC).  Said case can be found at 5:12-cv-04945-MMB.

25.    CLARK, at the onset of said case did offer to settle said case with Broadcast Music
       Incorporated (BMI) while in attendance at and before the Honorable Judge Michael
       Baylson, a representative of BMI, and BMI's attorney (COHEN).  Said discussion was
       made in good faith and intention.

26.    Said offer, although discussed, was never agreed to either by BMI or COHEN and
       thereby did cause CLARK considerable harm and damage by appearing to be agreeable
       to discuss and settle said matter.

27.    CLARK, by making said offer and was agreeable to making settlement with BMI was lead to believe that said matter would be settled without further court action or additional attorney fees being incurred.

28.    Either through deliberate actions or inactions of BMI or COHEN there was no definite response or further conversation or agreements with regards to said agreements. Said actions/inactions caused CLARK further attorney costs by, ostensibly, the inactions of either or both BMI and COHEN to defraud CLARK the opportunity of settling the case while costs were significantly less.

29.    Joseph Clark was not on the first complaint but rather was added as an additional defendant in the case at a later date. This addition was an arbitrary addition made by COHEN on behalf of BMI. By and through this addition only furthered the addition of another defendant and added yet another person who would be liable by the issuance of a judgment against him personally. This was done without the benefit of discovery, answers to any interrogatories, or ability to defend from.

30.    BMI has retained COHEN in over fifty-nine (59) cases brought before the federal court system since 2001.

31.    In each case BMI and COHEN were victorious in their outcome.

32.    After doing investigations of previous defendants, CLARK has discovered that there

was a pattern of defendants offering a settlement prior to the escalation of attorney fees,

but there was no response from COHEN or BMI even after said offers were made similar

to the this complaint brought herein.


33.    Because of established pattern CLARK believes and therefor avers that the kinship

between BMI and COHEN establishes a scheme to defraud your plaintiff CLARK the

ability to have settled this matter before said attorney fees charged by COHEN to have

risen

## COUNT TWO 18 U.S.C. § 1349

## ATTEMPT AND CONSPIRACY

34.     Plaintiff's Joseph Clark, and Susan Clark, incorporates herein by reference the averments of the paragraphs 1 through 33 as though more fully set forth herein at length.

35.     COHEN on behalf of BMI did set out and attempted to circumvent the Rules of Federal Procedure 53.3 by failing to place CLARK the benefits of a shorter term by going through said rule.  COHEN, a learned attorney specializing and exclusively representing BMI's interests set out to attempt to increase their attorney fees and thereby increased the attorney fees for themselves.

36.     BMI and COHEN, through their admitted and aggressive prosecution of this case worked in concert with one another conspired to circumvent said Federal Rules of Civil Procedure 53.3 did increase, to each other's benefit.  They, working together and through their acts and deeds accomplished their increased income and fees.

## CHAPTER 95—RACKETEERING (CIVIL)

## COUNT THREE 18 U.S.C. § 1951

## INTERFERENCE WITH COMMERENCE

37.   Plaintiff's Joseph Clark, and Susan Clark, incorporates herein by reference the averments of the paragraphs 1 through 36 as though more fully set forth herein at length.

38.   BMI through COHEN did attempt and did affect the commerce of the Crocodile Rock Corporation, d/b/a Crocodile Rock Café, hereinafter CROC.

39.   By bringing suit against CLARK individually and personally in addition to CROC caused them additional attorney fees in order for them to protect themselves.

40.   Upon further investigation by CLARK, it was discovered that BMI has a history of threatening, coercion, puissance, bullying, and intimidation causing duress upon local businesses consisting of small and large capacities in the guise of enforcing the payment of royalties to the composer of certain media.

41.   While investigating similar cases to the CROC and CLARK case it was noticed that there were over 59 cases brought through the District Court for the Eastern District of Pennsylvania.

42.    In discussing this matter with other local business' one restaurateur was threatened
       with the threat of bringing a suit against his establishment. Just the threat of which was
       the direct cause of the loss of his business. This means of extortion is the same manner
       which was brought against your plaintiff CLARK.

43.    CLARK having experience in the entertainment business for well over 30 years has
       never experienced such "Gestopo" like tactics as were brought against not only his
       establishment, but to his person along with her husband in their persons.  There is no
       disclosure like materials to the public at large. As a consequence such as this, CLARK
       had no means of defense other than to retain an attorney to defend himself.

44.    CLARK, upon the presentment by BMI for their licensing agreement did protest the
       occupancy of his establishment. Under the terms of the "Rate Court" as provided under
       the Consent Order "_____" there is a means of protesting the fees charged but this
       information is not provided in a "Plain English" format.  Such a provision should be
       provided to prospective licensee's so that they "businesses" are aware of such a structure
       that does indeed exist.

45.    CLARK believes and therefore avers that should such a disclosure would have been
       utilized by him and therefore he his wife and the CROC would not have ended in such a
       means.

46.   CLARK believes and therefor avers that because there is obvious bad faith being put

to the public at large this case does fall under the terms and definitions of interference

with commerce.

47.   CLARK, while investigating this matter has found there were arbitrary decisions made

by the Federal District Court District Magistrate's gavel and decisions found the

offending party awards in excessive. Excesses in amounts to not only penalize the

offender, but cause the operation of businesses to end in their closure.

48.   CLARK, while investigating this matter has found other occasions where businesses

offered to settle their matter prior to the initiation of an actual lawsuit being filed. The

constant in all these matters was the threat of incurring attorney fees in addition to being

penalized for the operation of a business without a license in place at the time of the

infraction. This use of threat with the "or else" type of threat has been successful enough

to "scare" the business into paying their fee.

49.   CLARK, while investigating this matter has found a pattern of behavior that is

common throughout the area of business that CLARK is familiar with. This pattern of

behavior, is by definition, a collusion between BMI and a particular law firm servicing

the Eastern District of Pennsylvania, that firm COHEN is named in this complaint.

50.    Due to the fact that this pattern of behavior is a true interference with commerce and
       this pattern is and has been established your defendant's benefactor is not so much the
       copyright holder, but rather the attorney COHEN and BMI.

51.    Clark, while investigating this matter has found that this matter has been the subject of
       several lawsuits citing the Sherman Act "_____" and by the virtue of the Consent
       Order "_____". It appears to CLARK that the Court's implementation and
       enacting of said Consent Order has been the matter of numerous lawsuits. These cases
       were brought from the position of a defendant.   CLARK brings this matter before this
       Honorable Court as a Plaintiff in the hopes of addressing the actions of BMI and their
       manner(s) in which honest, well intentioned business have been affected by the tactics of
       a huge monopoly like structure.

52.    Through investigation with local businesses there is one specific instance where just
       the mere mention of a threat of a lawsuit was brought about, said business wrote a check
       in the amount of $25,000.00 in order to avoid the costs of a lawsuit.

53.    Through investigation with local businesses a commonality is to "buy off" the
       threatened action has been the direct cause of local businesses closing with the cost to the
       community at large, as employees lose their job, has a far greater impact than the
       payment of royalties.

54.   Through investigation I have discovered that for the last fiscal BMI had generated
      $137,000,000 that was not disbursed out to the actual person(s) holding the copyright.
      Your plaintiff begs the question of where does this business fall into when it comes to its
      "Non Profit" status? Your plaintiff requests an accounting of what happens with these
      additional funds, to which he is entitled to an answer by way of interrogatories and
      discovery.

55.   Plaintiff believes and therefore avers that there is fair disclosure vehicle by which the
      consumer can be better serviced. Much the way that there are disclosures required for the
      consumer, ie. Truth in Lending, Nutritional Values, and the "smoke warning" labels that
      is required.

56.   Plaintiff believes and therefore avers that were such a fair disclosure be provided to
      the consumer, your Plaintiff here would have been aware of the fact that there are safe
      guards built into the "Consent Decree". Were such a vehicle available your plaintiff
      would have NOT incurred such attorney fees. Therefore, your plaintiff respectfully the
      opportunity to visit this specific matter.

57.   Plaintiff believes and therefore avers that this complaint will gain further support in
      the very near future and join onto this case filing. Therefore your Plaintiff respectfully
      request an expedited ruling on the return time for his motions on "Requests for
      Admissions", "Plaintiff's First Set of Interrogatories" and Plaintiff's "Request for
      Discovery"

58.    Plaintiff believes and therefore avers that there is not a fair and equitable manner in which these types of grievances can be heard. Therefore, your plaintiff needs this court action to compel answers to matters such as these.

59.    Plaintiff believes and therefore avers that should such discovery be produced a pattern of behavior will become apparent. That is, while their website claims, purports, discloses, or publishes to be seen by the public at large that only 2% of their ENTIRE industry. With the investigation plaintiff has made and by its own case record, plaintiff finds it incredulous that these disclosures/claims could be correct. Plaintiff further requests defendants to account for their publication(s).

60.    Should such a pattern of behavior exist, or be discovered, then this case will be a "de factor" case of Civil Racketeering as is not permissible under the law cited above.

**WHEREFORE**, your Defendants' pray your Honorable Court for damages in excess of **$10,000,000.00** (ten million dollars) and are seeking punitive damages in an amount that your Honorable Court may find up to **$100,000,000.00** (one hundred million dollars. This being for the violations as provided under unlawful act(s) as provided for under the counts above including, but not limited to **18 U.S.C. § 1341, 18 U.S.C. § 1349 and MOST SERIOUSLY, 18 U.S.C. § 1951**

Insomuch as BMI has CONSISTENTLY, and with the use of a CONTRIVED and DELIBERATE plan has set out to intimidate businesses and their owner(s). This puts undue pressure and financial hardship upon the local owners into a "pay or else" is the same manner in which a "mugger" would use a threat to use a gun in order to get (the local businesses) their money. It is not a purely transparent transaction wherein the money that is collected would go to their holder of the actual copyright. The monies collected goes into a system that does not have the "je ne sais quoi" of protection for the actual owner of the copyright. Rather, it appears that since "strong arm tactics" are called on to "muscle" down anyone who would dare to defend themselves or provide legitimate answers.

Perhaps this is reason that the United States Department of Justice has taken its own lead into the fray under the "Monopoly" that the Sherman Act was set up to provide the protection from?

Even with the information that your Defendant's were able to investigate and find answers on their own, there are very few attorneys in our general area that were aware of the Consent Decree. The only commonality between other venues, coffee shops, to "high class" eateries is that everyone lives in fear because of the nightmarish stories that your Plaintiff's bring in this lawsuit.

Respectfully submitted

Joseph P. Clark

## CERTIFICATE OF SERVICE

I hereby certify that the within Plaintiff's complaint have been sent via Certified Mail and regular first class mail, postage pre-paid to Counsel for Defendant's. Stanley H. Cohen, of CAESAR, RIVISE, BERNSTEIN, COHEN, and POKOTILOW, LTD., 1635 Market Street, 12th Floor, Seven Penn Center, Philadelphia, PA., 19103-2212.

Joseph P. Clark